# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| **DOREEN FRANCES PERKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:16-cv-00267-SLC** |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) | |
| *sued as Andrew Saul, Commissioner of Social* | ) | |
| *Security*,[1] | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>OPINION AND ORDER</u>

Plaintiff Doreen Frances Perkins brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On September 28, 2018, this Court entered an Opinion and Order that reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (ECF 20).

Perkins's counsel now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $23,895 for their representation of Perkins in federal court.[2] (ECF 26). The Commissioner filed a response indicating that he does not object to the amount sought in the motion (ECF 27); therefore, the motion is ripe for ruling. For the following reasons, the motion for attorney fees will be GRANTED.

---

[1] Andrew M. Saul is now the Commissioner of Social Security, *see Aleithia Ann F. v. Saul*, No. 17 C 9158, 2019 WL 2644214, at *1 n.1 (N.D. Ill. June 27, 2019), and thus, he is automatically substituted for his predecessor, Carolyn W. Colvin, in this case. *See* Fed. R. Civ. P. 25(d).

[2] Attorney Michael G. Myers appeared as local counsel in this case and seeks attorney fees for the work completed on Perkins's behalf by Attorneys Patrick H. Busse, Daniel S. Jones, and Charles E. Binder. (ECF 32 ¶¶ 1-2, 10-15). For ease, the Court hereinafter will refer to one or more of Perkins's counsel simply as "Counsel."

### A. Factual and Procedural Background

On June 24, 2016, Counsel entered into a U.S. District Court Retainer Agreement and Assignment (the "Retainer Agreement") with Perkins for their representation of Perkins in federal court.[3] (ECF 26-3). The Retainer Agreement provides that Counsel will receive twenty-five percent of any past due benefits awarded to Perkins and her family in the event her disability appeal is successful. (ECF 26-3 ¶ 2).

On July 11, 2016, Perkins filed the instant action in this Court, appealing the Commissioner's denial of her application for disability benefits. (ECF 1). On September 28, 2018, this Court entered an Opinion and Order reversing the Commissioner's final decision and remanding the case to the Commissioner for further proceedings. (ECF 20).

On November 29, 2018, the Commissioner filed a stipulation to an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $5,432.86, plus $400 in costs, for the twenty-nine hours that Counsel spent advocating Perkins's claim in federal court. (ECF 22, 22-1). The Court then granted the stipulated motion, ordering the Commissioner to pay the requested EAJA fee award to Perkins. (ECF 23).

On July 27, 2019, the Commissioner sent a notice of award to Perkins, explaining that she was entitled to monthly disability benefits beginning April 2013 and past-due benefits in the amount of $95,580. (ECF 26-3 at 7, 9). The following month Counsel filed the instant motion, together with affidavits, a memorandum, and exhibits, seeking fees under § 406(b) in the amount of $23,895 for the twenty-nine hours Counsel spent advocating Perkins's appeal in federal court. (ECF 26-2 to 26-4; ECF 32). Counsel states that upon receipt of the § 406(b) award, they will

---

[3] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

remit $5,432.86, the previously awarded EAJA fees, to Perkins.  (ECF 32 ¶ 18).

## B.  Legal Standard

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406.  *Gisbrecht*, 535 U.S. at 793-94.  Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court.  *Id*.  Unlike fees obtained under the EAJA,[4] the fees awarded under § 406 are charged against the claimant, not the government.  *Id*. at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level.  *Id.* at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a).  There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a).  *Gisbrecht*, 535 U.S. at 795.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[5]  42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.  This twenty-five percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b).  *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2018).

Section § 406(b) has been harmonized with the EAJA.  *Gisbrecht*, 535 U.S. at 796.

---

[4] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified."  28 U.S.C. § 2412(d)(1)(A).

[5] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense."  *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney

must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA

award "offsets" an award under § 406(b). *Id.* at 797.

Unlike the award by the Commissioner under § 406(a), the court is required under

§ 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements.

*Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are
> unenforceable to the extent that they provide for fees exceeding 25
> percent of the past-due benefits. Within the 25 percent boundary, .
> . . the attorney for the successful claimant must show that the fee
> sought is reasonable for the services rendered.
>      Courts that approach fee determinations by looking first to
> the contingent-fee agreement, then testing it for reasonableness,
> have appropriately reduced the attorney's recovery based on the
> character of the representation and the results the representative
> achieved.

*Id*. at 807-08 (citations and footnotes omitted).

### C. Discussion

The Court is charged with determining whether Counsel's requested fee of $23,895 under

the Retainer Agreement and § 406(b) is "a reasonable fee for such representation, not in excess

of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). The notice of

benefits from the Commissioner indicates that Perkins was awarded $95,580 in past-due

benefits. Thus, the fee amount that Counsel requests, $23,895, does not exceed twenty-five

percent of Perkins's past-due benefits.

Counsel contends that the requested fee award of $23,895 is reasonable for the twenty-

nine hours they spent representing Perkins in federal court. Counsel, who has significant

experience in Social Security law (ECF 32 ¶¶ 2, 11, 13, 15), did obtain a good result for Perkins.

4

*See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved); *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large measure of success for his client). In doing so, Counsel did not request any extensions of time and thus did not contribute to any delay of the case. *See Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits).

Also, the risk of loss the attorney assumed in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases.").

Here, Counsel's requested fee of $23,895 divided by the twenty-nine hours they spent on the case in federal court equates to an effective rate of about $824 per hour.[6] While Counsel's

---

[6] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus, *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004). As a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen*, 2004 WL 1737443, at *5; *see Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable'

requested fee equates to a higher effective rate than those typically awarded by this Court, *see, e.g.*, *Rorick v. Colvin*, No. 1:11-CV-00037, 2014 WL 3928488 (N.D. Ind. Aug. 12, 2014) (awarding fee equating to $653.79 per hour); *Harris v. Colvin*, No. 1:11-CV-00405, 2014 WL 3899312 (N.D. Ind. Aug. 11, 2014) (awarding fee equating to $647.61 per hour); *Duke v. Astrue*, No. 1:07-CV-00188, 2010 WL 3522572 (N.D. Ind. Aug. 30, 2010) (awarding fee equating to $549.14 per hour), this Court and other courts, on occasion, have awarded fees in this range in Social Security appeals, *see, e.g.*, *Hill v. Comm'r of Soc. Sec.*, No. 1:11-cv-00134-SLC, 2016 WL 2643360 (N.D. Ind. May 10, 2016) (awarding fee equating to $810 per hour); *Owsley v. Astrue*, No. 1:07-CV-00073, 2010 WL 5173148 (N.D. Ind. Dec. 14, 2010) (awarding fee equating to $810 per hour); *Savage v. Astrue*, No. 5:06-CV-196 (CAR), 2010 WL 2012032 (M.D. Ga. May 20, 2010) (awarding fee equating to $807.99 per hour); *Schnall v. Astrue,* No. CV-07-617-PCT-DGC, 2009 WL 297707 (D. Ariz. Feb. 6, 2009) (awarding fee equating to $776 per hour); *Droke v. Barnhart*, No. 02-1284-T/AN, 2005 WL 2174397 (W.D. Tenn. Sept. 6, 2005) (awarding fee equating to $830.82 per hour); *Joslyn v. Barnhart*, 389 F. Supp. 2d 454 (W.D.N.Y. 2005) (awarding fee equating to $891.61 per hour); *Brown v. Barnhart*, 270 F. Supp. 2d 769 (W.D. Va. 2003) (awarding fee equating to $977.20 per hour).

Ultimately, "if a claimant's success on appeal can be attributed to h[er] attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time." *Jeter*, 622 F.3d at 381. Here, Counsel has made an adequate case that the good result they achieved for Perkins was due to their knowledge and experience in Social Security disability law and their effective

---

finding.").

representation, rather than due to "some other source for which it would be unreasonable to compensate the attorney." *Id*.; *see also id.* at 380-81 ("[W]e do not read *Gisbrecht*'s 'windfall' as support for the proposition that experienced, competent counsel should be punished for accomplishing an arduous task in a shorter span of time than less-experienced, less-aggressive counsel.").

Accordingly, Counsel's requested fee award of $23,895 under § 406(b) will be authorized by this Court. As Counsel acknowledges, upon receipt of the § 406(b) award, Counsel must refund the previously awarded EAJA fees of $5,432.86 to Perkins. (ECF 26-4 at 4; ECF 32 ¶ 18); *see Gisbrecht*, 535 U.S. at 796.

### D. Conclusion

For the foregoing reasons, Counsel's motion for authorization of attorney fees pursuant to § 406(b) (ECF 26) is GRANTED in the amount of $23,895. Upon receipt of such amount, Counsel is ORDERED to refund the previously awarded EAJA fee award of $5,432.86 to Perkins.

SO ORDERED.

Entered this 16th day of October 2019.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge